MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW
ONE WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383
TELEPHONE 213-629-7794
FACSIMILE 213-624-1376

Gary F. Overstreet (State Bar No. 051289)
g.overstreet@mpglaw.com
Michael R. Goldstein (State Bar No. 155349)
m.goldstein@mpglaw.com

Attorneys for Respondent
RADY CHILDREN'S HOSPITAL - SAN DIEGO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIU, LOCAL 2028,<br><br>　　　　Petitioner,<br><br>vs.<br><br>RADY CHILDREN'S HOSPITAL - SAN DIEGO; DOES 1 THROUGH 10,<br><br>　　　　Respondent. | Case No. 08 CV 486 BTM (AJB)<br><br>**RESPONDENT'S ANSWER TO PETITION TO COMPEL ARBITRATION** |

Respondent Rady Children's Hospital – San Diego ("Respondent") hereby answers the Petition to Compel Arbitration ("Petition") filed by petitioner SEIU, Local 2028 ("Local 2028").

1.　Answering Paragraph 1 of the Petition, Respondent lacks sufficient knowledge or information to enable it to respond to the allegations contained therein, and based thereon, Respondent denies the allegations contained therein.

2.　Answering Paragraph 2 of the Petition, Respondent lacks sufficient knowledge or information to enable it to respond to the allegations

582769.1

1  contained therein, and based thereon, Respondent denies the allegations contained
2  therein.

3      3.    Answering Paragraph 3 of the Petition, Respondent admits that it
4  is a California Non-Profit Corporation, that it does business within this judicial
5  district, and that it is engaged in an industry affecting commerce within the meaning
6  of 29 U.S.C. § 185. Except as so admitted, Respondent lacks sufficient knowledge
7  or information to enable it to respond to the allegations contained therein, and based
8  thereon, Respondent denies the allegations contained therein.

9      4.    Answering Paragraph 4 of the Petition, Respondent admits that it
10 entered into a collective bargaining agreement with "Service Employees
11 International Union, Local 2028" (the "Agreement"). Respondent further admits
12 that Exhibit A to the Petition is a true and correct copy of the Agreement. Except as
13 so admitted, Respondent lacks sufficient knowledge or information to enable it to
14 respond to the allegations contained therein, and based thereon, Respondent denies
15 the allegations contained therein, and Respondent specifically denies that the
16 Agreement is currently in effect, and Respondent specifically denies that the
17 Agreement was in effect at any times relevant to the Petition.

18     5.    Answering Paragraph 5 of the Petition, Respondent admits that
19 on or about November 16, 2007, a written "class action grievance" purportedly
20 brought on behalf of "all affected employees" ("Grievance") was submitted, and that
21 Exhibit B to the Petition is a true and correct copy of the Grievance. With respect to
22 the subject matter of the grievance, Respondent avers that the Grievance speaks for
23 itself. Except as so admitted and averred, Respondent lacks sufficient knowledge or
24 information to enable it to respond to the allegations contained therein, and based
25 thereon, Respondent denies the allegations contained therein.

26     6.    Answering Paragraph 6 of the Petition, Respondent avers that the
27 Agreement speaks for itself. Except as so averred, Respondent lacks sufficient
28 knowledge or information to enable it to respond to the allegations contained

therein, and based thereon, Respondent denies the allegations contained therein.

7. Answering Paragraph 7 of the Petition, Respondent admits that a true and correct copy of a Notice of Arbitration Appeal is attached to the Petition as Exhibit C, admits that a true and correct copy of a letter dated February 11, 2008 from Gary F. Overstreet on behalf of Respondent is attached to the Petition as Exhibit D, admits that a true and correct copy of a letter dated March 10, 2008 from Gary F. Overstreet on behalf of Respondent is attached to the Petition as Exhibit E. Respondent further avers that Exhibits C, D, and E to the Petition speak for themselves. Except as so admitted and averred, Respondent lacks sufficient knowledge or information to enable it to respond to the allegations contained therein, and based thereon, Respondent denies the allegations contained therein.

8. Respondent denies that that relief sought by Local 2028 should be awarded.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

**(Failure to State Claims for Relief)**

9. The Petition, and each and every claim for relief asserted therein, fails to state facts sufficient to constitute a valid claims for relief against Respondent.

### Second Affirmative Defense

**(Petition Subject to Primary Jurisdiction of NLRB Pursuant to Law of the Case)**

10. The Petition, and each and every claim for relief asserted therein, is subject to the primary jurisdiction of the NLRB pursuant to the law of the case as stated in this Court's ruling dated November 26, 2007, in the related Case No. 07-CV 1173 BTM (AJB).

## Third Affirmative Defense

### (Petition Subject to Primary Jurisdiction of NLRB Pursuant to Doctrines of Collateral Estoppel and/or Res Judicata)

11. The Petition, and each and every claim for relief asserted therein, is subject to the primary jurisdiction of the NLRB pursuant to the doctrines of res judicata and/or collateral estoppel, based upon this Court's ruling dated November 26, 2007, in the related Case No. 07-CV 1173 BTM (AJB).

## Fourth Affirmative Defense

### (NLRB Jurisdiction)

12. Respondent asserts on information and belief that the Petition, and each and every claim for relief asserted therein, will involve issues including whether Local 2028 continues to exist as a labor organization within the meaning of the National Labor Relations Act and/or the Labor Management Relations Act, whether Local 2028 remains a party to the Agreement, whether a "servicing agreement" between Local 2028 and Service Employees International Union, United Healthcare Workers – West ("UHW") is valid and enforceable, whether Local 2028 disappeared in a purported merger with Local 335 to become Local 221, and whether a purported trusteeship imposed over Local 2028 is valid and enforceable, all of which are issues which determine whether Respondent is required to arbitrate grievances with Local 2028 under the Agreement. Each of these issues involves questions concerning representation subject to the exclusive jurisdiction of the National Labor Relations Board to be determined by that agency.

## Fifth Affirmative Defense

### (Lack of Standing)

13. Respondent asserts on information and belief that the Petition,

and each and every claim for relief asserted therein, is barred on the grounds that Local 2028 lacks standing to assert such claims because of the purported merger with Local 221, the alleged "servicing agreement" between Local 2028 and UHW, and the purported imposition of trusteeship over Local 2028.

### Sixth Affirmative Defense
### (Lack of Labor Organization Status)

14. Respondent asserts on information and belief that the Petition, and each and every claim for relief asserted therein, fails, and is barred, because Local 2028 is not a labor organization within the meaning of 29 U.S.C. § 152 and/or 185.

### Seventh Affirmative Defense
### (Lack of Representative Status)

15. Respondent asserts on information and belief that the Petition, and each and every claim for relief asserted therein, fails, and is barred, because Local 2028 has ceased to be the representative of the bargaining unit identified in the Agreement.

### Eighth Affirmative Defense
### (Unclean Hands)

16. Respondent asserts on information and belief that the Petition, and each and every claim for relief asserted therein, is barred by the doctrine of unclean hands.

### Ninth Affirmative Defense
### (Arbitrability)

17. Respondent asserts on information and belief that the Petition,

and each and every claim for relief asserted therein, fails because the Grievance is not arbitrable under the Agreement.

### Tenth Affirmative Defense

### (Laches)

18. Respondent asserts on information and belief that the Petition, and each and every claim for relief asserted therein, is barred by the doctrine of laches.

### Eleventh Affirmative Defense

### (Invalid Trusteeship Pursuant to 29 USC § 462)

19. Respondent asserts on information and belief that the purported trusteeship is improper because a trusteeship may only be asserted over a "subordinate body," and Local 2028 cannot be a subordinate body as it was no longer a viable entity at the time of the alleged imposition of trusteeship. See 29 USC § 462.

### Twelfth Affirmative Defense

### (Invalid Trusteeship Pursuant to Constitution and Bylaws of SEIU International)

20. Respondent asserts on information and belief that the purported trusteeship is improper because the procedures for imposition of trusteeship contained in SEIU International's Constitution and Bylaws were not followed.

### Thirteenth Affirmative Defense

### (Breach of Collective Bargaining Agreement and Violation of NLRA)

21. Respondent asserts on information and belief that Local 2028 has improperly attempted to transfer its representational rights and responsibilities to SEIU-UHW in breach of the terms of the collective bargaining agreement and in

violation of the National Labor Relations Act.

### Fourteenth Affirmative Defense

### (Fraud)

22. Respondent asserts on information and belief that (a) agents of Local 2028 made numerous explicit statements and implied through their conduct, writings, and other statements that Local 2028 was a viable entity and that SEIU-UHW was acting on behalf of Local 2028, (b) these statements were false, (c) Local 2028 was not and is not a viable entity and SEIU-UHW was not and could not have been acting on behalf of Local 2028 since Local 2028 was not and is not a viable entity; (d) the aforesaid representations were known to be false at the times made and the aforesaid representations were made for the purpose of inducing reliance thereon by the Respondent; (e) Respondent justifiably relied upon the aforesaid representations and in reliance thereon entered into negotiations and entered into a collective bargaining agreement with Local 2028 on or about April 19, 2007; (f) Respondent would not have entered into negotiations nor would the Respondent have entered into a collective bargaining agreement had Respondent known that Local 2028 did not exist.

DATED: April 21, 2008          MUSICK, PEELER & GARRETT LLP

                               By:      s/Gary F. Overstreet
                                   Gary F. Overstreet
                                   Attorneys for Respondent
                                   RADY CHILDREN'S HOSPITAL - SAN DIEGO

# CERTIFICATE OF SERVICE

I am a citizen of the United States and an employee in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is One Wilshire Blvd., Suite 2000, Los Angeles, California, 90017-3383. On April 21, 2008, I served copies of the document(s) described as: **RESPONDENT'S ANSWER TO PETITION TO COMPEL ARBITRATION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them via the following e-mail addresses:

| Party | E-Mail |
|---|---|
| Bruce A. Harland, Esq. | bharland@unioncounsel.net, courtnotices@unioncounsel.net |

I certify under penalty of perjury that the above is true and correct. Executed at Los Angeles, California, on April 21, 2008.

_____
Jeneice Aid

582769.1