1  WILLIAM A. SOKOL, Bar No. 072740
   BRUCE A. HARLAND, Bar No. 230477
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  1001 Marina Village Parkway, Suite 200
   Alameda, California 94501-1091
4  Telephone 510.337.1001
   Fax 510.337.1023
5

6  Attorneys for Plaintiff
   SEIU, Local 2028
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 SEIU, LOCAL 2028                 ) No.   08-CV 0486 BTM (AJB)
                                    )
12         Plaintiff,                ) **SEIU, LOCAL 2028'S**
                                    ) **MEMORANDUM OF POINTS AND**
13    v.                             ) **AUTHORITIES IN SUPPORT OF**
                                    ) **MOTION TO COMPEL**
14 RADY CHILDREN'S HOSPITAL, SAN    )
   DIEGO, and DOES 1 through 10,    ) Date:  October 3, 2008
15                                   ) Time:  11:00 a.m.
           Defendant.                ) Judge: Hon. Barry T. Moskowitz
16                                   ) Courtroom:   15
                                    )
17                                   )
                                    )
18                                   )
                                    )
19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL ARBITRATION
Case No. 08-CV-486 BTM (AJB)

## I. INTRODUCTION & FACTUAL BACKGROUND

Plaintiff, SEIU, Local 2028 (the "Union" or "Local 2028") and Defendant Rady, Children's Hospital, San Diego (the "employer") are parties to a Collective Bargaining Agreement ("Local 2028 Agreement"). (Pet. to Compel at ¶ 4, Exh. 4.) Article VI of the Local 2028 Agreement contains an arbitration provision, which requires the parties to submit grievances to final and binding arbitration. (*Id.*) Despite signing a settlement agreement with the National Labor Relations Board ("NLRB") whereby it agreed to recognize and deal with Local 2028 – which includes arbitrating grievances filed by the Union under the Local 2028 Agreement – the employer continues to refuse to abide by its obligation under the parties Collective Bargaining Agreement. Local 2028 simply asks this Court to hold the employer to its word and obligation, and to issue an order compelling arbitration, along with an order for attorneys' fees.

### A. LOCAL 2028'S GRIEVANCE.

The Union filed a grievance on or about November 16, 2007, alleging that the employer violated various provisions of the Local 2028, when it refused to honor the recognition clause, denied access to Union representatives, denied employees the right to be represented by Union representatives, and threatened Union Stewards and employees who were engaged in exercising their contractual Union rights. (*Id.* at ¶ 5.) On January 8, 2008, the Union referred the grievance to arbitration, but the employer refused to arbitrate the matter. (*Id.* at ¶ 7.) The employer's defense, in this action, has essentially been that Local 2028 no longer exists, and, therefore, the employer has no obligation to arbitrate any grievances filed by the Union.

### B. RADY CHILDREN'S HOSPITAL'S FRIVOLOUS LAWUSIT.

Prior to the Union filing its grievance the employer filed a lawsuit, in a related case[1], against the Union and SEIU, United Healthcare Workers – West, alleging that the Local 2028 no longer existed, did not represent workers employed at its facility, and that the Local 2028 Agreement between the Union and employer was void. On May 5, 2008, the Court granted the

---

[1] That case was *Rady Children's Hospital v. SEIU, Local 2028*, et al., CV 1173 BTM (AJB).

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -

MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL ARBITRATION
Case No. 08-CV-486 BTM (AJB)

employees' voluntary dismissal and granted Local 2028's motion for sanctions under 28 U.S.C. § 1927.

### C.     THE NATIONAL LABOR RELATIONS BOARD PROCEEDINGS.

In addition to the grievance filed by Local 2028, the Union also filed unfair labor practice charges against the employer. On March 28, 2008, Region 21 of the NLRB issued a Complaint against the employer for, among other things, refusing to deal with Local 2028 as the exclusive representative of workers employed at Rady, Children's Hospital, San Diego. (Decl. of Bruce A. Harland ("Harland Decl.") at ¶ 2, Exh. A.) The NLRB set a hearing on the Complaint for June 23, 2008. (*Id.*)

On May 12, 2008, counsel for Local 2028 wrote to counsel for Rady, Children's Hospital requesting that the employer withdraw its Answer and agree to arbitrate the underlying grievance. (*Id.* at ¶ 3, Exh. B.) Three days later, on May 15, 2008, counsel for Rady, Children's Hospital, responded by stating that:

> [t]he Court specifically declined to rule on whether 2028 or a CBA exists . . . .
>
> Since these questions of representation are essential to your demand for arbitration, your petition for arbitration should be withdrawn pending the outcome of these NLRB proceedings.
>
> \* \* \*

(*Id.* at ¶ 4, Exh. C.)

However, just days prior to the hearing, on June 17, 2008, the employer agreed to settle all of the allegations alleged against it in the NLRB Complaint.[2] (*Id.* at ¶ 5, Exh. D.) Although the employer did not admit that it had violated the National Labor Relations Act ("NLRA"), it did agree to deal with and recognize SEIU, Local 2028 as the collective-bargaining representative of workers in the service and maintenance unit, and to deal with Local 2028 regarding wages, hours,

---

[2] Local 2028 refused to join the settlement agreement, because the Union believed that the mere remedy of a "Notice to Employees" being posted at the employer's facilities was not forceful enough to remedy the egregious violations committed by the employer. Under NLRB procedure, the NLRB may unilaterally settle unfair labor practice charges with a charged party, which is what happened in this case. (*See* Harland Decl. at ¶ 6, Exh. E.)

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -

MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL ARBITRATION
Case No. 08-CV-486 BTM (AJB)

and other terms and conditions of employment. (*Id.*) Even though the employer agreed to recognize and deal with Local 2028 – which includes arbitrating disputes – the employer continues to refuse to arbitrate the underlying grievance in this matter.

## II. LEGAL ARGUMENT

This is a Petition to Compel Arbitration of a dispute over the interpretation or application of a collective bargaining agreement. Federal law requires arbitration of this dispute pursuant to Article VI of the Local 2028 Agreement. The employer's continued refusal to arbitrate this dispute has been in bad faith, and warrants an order of attorneys' fees.

### A. FEDERAL LAW REQUIRES ARBITRATION OF THIS DISPUTE.

Federal law generally requires the submission of disputes over the interpretation and application of labor agreements to arbitration. *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 1363, 4 L.Ed.2d 1403, 1432 (1960); *Operating Eng'rs Local 150 v. Flair Builders, Inc.*, 406 U.S. 487, 32 L.Ed.2d 248, 92 S.Ct. 1710 (1972).

It is a well-established principle that "where a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '"[a]n order to arbitrate the particular grievance should not be denied unless it may be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."' *United Steelworkers v. Warrior & Gulf*, 363 U.S. 574, 581-83, 80 S.Ct. 1327 (1960) (emphasis added); *Local 186 v. E & J Gallo Winery, Inc.*, 857 F.2d 1353, 1355 (9th Cir. 1988); *see also Gateway Coal Co. v. Mine Workers*, 414 U.S. 368, 377 (1974) (holding that doubts in coverage should be resolved in favor of arbitrability).

In *AT & T Techns., Inc. v. CWA*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), the United States Supreme Court reiterated the limited scope of judicial inquiries of this nature. In addition to reaffirming the quoted language from *Warrior & Gulf* cited above, the Court stated:

> "[I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims. Whether 'arguable' or not, indeed even if it appears to the court to be frivolous, the union's claim that the employer has violated the collective-bargaining agreement is to be decided, not by the court asked to order arbitration, but as the parties have agreed, by the arbitrator. 'The

- 4 -

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL ARBITRATION
Case No. 08-CV-486 BTM (AJB)

> courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious...' "

*AT & T*, 475 U.S. at 649-650.

Given that the Local 2028 Agreement contains a broad grievance and arbitration clause, that the grievance and arbitration does not exclude the instant grievance from the grievance and arbitration provision, one cannot conclude with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

### 1. The Agreement Contains a Broad Grievance and Arbitration Clause.

The Agreement contains a broad grievance and arbitration clause. Article VI of the Agreement states that "[a]ny complaint or dispute arising between a Bargaining Unit employee and/or the Union and the Employer concerning the conduct of the Employer alleged to be in violation of an express provision of this Agreement shall be resolved by the filing of a grievance in accordance with this Article." (Exh. A to Pet. to Compel at p. 7) The Union's grievance cites multiple sections of the Local 2028 Agreement in which a "complaint or dispute" has arisen between the Union and employer under the Agreement. (Exh. B to Pet. to Compel.)

As such, the employer cannot demonstrate, with positive assurance, to this Court that the arbitration clause does not cover disputes related to the instant grievance. The language of the grievance and arbitration provision allows the Union to submit to arbitration *any* grievance that concerns "[a]ny complaint or dispute arising between . . . the Union and the Employer" under the Agreement. (Exh. A to Pet. at p. 7.) The Union's grievance certainly falls into the category of a "complaint or dispute" and, therefore, is arbitrable under the Agreement.

### 2. The Grievance and Arbitration Provision Does Not Exclude The Union's Grievance.

In the *Steelworkers Trilogy*, the United States Supreme Court established the principle that where a CBA does not exclude a particular grievance from arbitration, then "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Warrior & Gulf*, 363

- 5 -

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL ARBITRATION
Case No. 08-CV-486 BTM (AJB)

U.S. at 584-85.  Because there exists a presumption in favor of arbitration, the Respondent bears the burden of proving that the parties did not intend to arbitrate a given dispute.  *See Westinghouse v. Hanford Atomic Metal Trades Council*, 940 F.2d 513, 518 (9th Cir. 1991).   In order to *exclude* a subject from arbitration, there must be clear language in the grievance definition, or a specific exclusion in the arbitration clause itself which precludes the dispute at issue.  *Warrior & Gulf*, 363 U.S. at 585; *Westinghouse*, 940 F.3d at 518-519.  Any claimed "exclusion" must be clearly enunciated, and the grievance must clearly fit within the exclusion set forth within the arbitration clause of the collective bargaining agreement.  *Westinghouse*, 940 F.2d at 518-519.  The employer can proffer *no* testimonial or documentary evidence to demonstrate that the parties agreed to exclude the underlying grievance in this case.  Accordingly, the Court should compel arbitration.

**3.  Any Claims By the Employer that Local 2028 Lacks Standing to Arbitrate the Grievance, that the Collective Bargaining Agreement Is Void, or that this Dispute Is Preempted By the National Labor Relations Act Are Without Merit.**

Local 2028 anticipates that the employer may attempt to advance several frivolous arguments in opposition to the Union's motion to compel.  For example, the employer may still continue to argue that Local 2028 no longer exists or has transferred its representation rights to another labor organization.  The Court should reject this argument.  The employer had its opportunity to make such an argument before the NLRB hearing, scheduled for June 23, 2008, but instead decided to settle the pending unfair labor practice charges, agreeing to recognize and deal with Local 2028 as the exclusive representative of workers employed at Rady, Children's Hospital, San Diego. (Harland Decl. at ¶ 5, Exh. D.)

The employer *may* also argue that the Local 2028 agreement is void.  The Court should reject this argument for the same reasons that the Court should reject the employer's argument that the Union no longer exists.

Finally, the employer may continue to argue that there is a question of representation at issue in this case and, therefore, the NLRB has primary jurisdiction over the issue.  This argument should also be rejected.  First, there is no question of representation at issue in this case.  This case involves a pure contractual issue.  The Union is not asking the Court  or an arbitrator to decide any

- 6 -

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION
Case No. 08-CV-486 BTM (AJB)

question of representation. Second, the employer has agreed to recognize and deal with Local 2028 as the exclusive representative of workers employed at Rady, Children's Hospital, San Diego, further demonstrating that the Union's grievance does not deal with an issue of representation. Local 2028 is merely asking the Court to compel the employer to live up to its obligations under the Local 2028 Agreement and arbitrate the Union's grievance. Thus, the employer should be compelled to arbitrate the Union's grievance.

B. **LOCAL 2028 IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AS WELL AS AN ORDER COMPELLING ARBITRATION**

One of the most important provisions of a collective bargaining agreement entered into between an employer and a Union on behalf of its members is the grievance arbitration clause. In most cases, workers give up the right to strike during the term of a contract in return for the employer's promise to submit all "grievances" as defined in the contract to a neutral arbitrator for final binding decision. Moreover, both parties benefit from the existence of this mechanism designed to provide an inexpensive and efficient resolution of disputes.

By refusing to comply with a final and binding arbitration award, the employer has subverted a fundamental provision of the parties' agreement. The Ninth Circuit has held that "the award of fees is appropriate when a party frivolously or in bad faith refuses to submit a dispute to arbitration . . ." *UFCW v. Alpha Beta Co.*, 736 F.2d 1371, 1381 (9th Cir. 1984); *see also Westinghouse*, 940 F.2d at 513. Here, the employer has acted in bad faith by refusing, and continuing to refuse, to arbitrate the instant dispute. Despite the fact that the employer has finally agreed to deal with Local 2028 as the exclusive representative of bargaining unit members, any reason asserted by the employer to refuse to arbitrate the grievance at this stage is simply frivolous.

///
///
///
///
///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 7 -

MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL ARBITRATION
Case No. 08-CV-486 BTM (AJB)

### III. CONCLUSION

For the reasons suggested above, this Court should enter an order compelling the employer to arbitrate the dispute between the parties hereto, along with an order awarding the Union its reasonable attorney's fees.

Dated: August 7, 2008

          WEINBERG, ROGER & ROSENFELD
          A Professional Corporation

          By: /s/ BRUCE A. HARLAND
              WILLIAM A. SOKOL
              BRUCE A. HARLAND
              Attorneys for Plaintiff
              SEIU, Local 2028

118514/502050

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 8 -

MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL ARBITRATION
Case No. 08-CV-486 BTM (AJB)

## PROOF OF SERVICE

I am a citizen of the United States, and a resident of the State of California. I am over the age of eighteen years, and not a party to the within action. My business address is 1001 Marina Village Parkway, Suite 200, Alameda, California 94501-1091. On August 7, 2008, I caused to be served copies of the document(s) described as:

- NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
- MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL; and
- DECLARATION OF BRUCE A. HARLAND IN SUPPORT OF MOTION TO COMPEL

on the following parties by electronically filing the foregoing document(s) with the Clerk of the District Court using its ECF System, which caused all registered parties to this action to be electronically served via the e-mail address(es) listed below:

| Party | E-Mail Address |
|---|---|
| Gary F. Overstreet | g.overstreet@mpglaw.com |

I certify under penalty of perjury that the above is true and correct. Executed at Alameda, California, on August 7, 2008.

Rhonda Fortier Bourne

118514/502169

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION
Case No. 08-CV-486 BTM (AJB)