UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
Region 21

RADY CHILDREN'S HOSPITAL - SAN DIEGO

and                                    Cases 21-CA-37845
                                              21-CA-38017
                                              21-CA-38019

SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 2028

ORDER CONSOLIDATING CASES,
CONSOLIDATED COMPLAINT
AND
NOTICE OF HEARING

SEIU, Local 2028, herein described by its correct name, Service Employees International Union, Local 2028, and called the Union, has charged that Rady Children's Hospital of San Diego, herein described by its correct name, Rady Children's Hospital – San Diego, and called Respondent, has been engaging in unfair labor practices as set forth and defined in the National Labor Relations Act, 29 U.S.C. Sec. 151, et seq., herein called the Act. Based thereon, and in order to avoid unnecessary costs or delay, the General Counsel, by the undersigned, pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board, herein called the Board, ORDERS that these cases are consolidated.

These cases having been consolidated, the General Counsel, by the undersigned, pursuant to Section 10(b) of the Act and Section 102.15 of the Rules and Regulations of the Board, issues this Order Consolidating Cases, Consolidated Complaint and Notice of Hearing and alleges as follows:

# EXHIBIT A

1.   (a)   The original charge in Case 21-CA-37845 was filed by the Union on June 25, 2007, and a copy was served on Respondent by regular mail on June 26, 2007.

    (b)   The first amended charge in Case 21-CA-37845 was filed by the Union on September 12, 2007, and a copy was served on Respondent by regular mail on September 13, 2007.

    (c)   The second amended charge in Case 21-CA-37845 was filed by the Union on March 17, 2008, and a copy was served on Respondent by regular mail on March 19, 2008.

    (d)   The original charge in Case 21-CA-38017 was filed by the Union on September 21, 2007, and a copy was served on Respondent by regular mail on September 24, 2007.

    (e)   The first amended charge in Case 21-CA-38017 was filed by the Union on March 17, 2008, and a copy was served on Respondent by regular mail on March 18, 2008.

    (f)   The charge in Case 21-CA-38019 was filed by the Union on September 21, 2007, and a copy was served on Respondent by regular mail on September 24, 2007.

2.   (a)   At all material times, Respondent, a California non-profit corporation with principal offices and an acute-care hospital located at 3020 Children's Way, San Diego, California, and various other healthcare facilities located in Southern California, herein collectively referred to as Respondent's facilities, has been engaged in the business of providing acute care and other medical services.

(b) During the 12-month period ending March 14, 2008, a representative period, Respondent, in conducting its business operations described above in paragraph 2(a), derived gross revenues in excess of $250,000 and purchased and received at its Southern California facilities goods valued in excess of $50,000 directly from points outside the State of California.

3. At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act, and has been a health care institution within the meaning of Section 2(14) of the Act.

4. At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

5. (a) At all material times, Lora A. Mitchell held the position of Respondent's Human Resources Manager, and has been a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent within the meaning of Section 2(13) of the Act.

(b) At all material times, Nate Reed held the position of Respondent's Security Officer, and has been an agent of Respondent within the meaning of Section 2(13) of the Act.

6. The following employees of Respondent, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time, regular part-time and per diem service and maintenance employees employed by Respondent at all of its facilities, including a-v & set-up assistant, admin assoc (skill B), admin assoc (skill B*), admin assoc (skill C), behavioral treatment technician, bio med tech I, bio med tech II, bio med tech III, biomechanics lab tech I, bldg maintenance tech,

bldg maintenance tech, lead, business assoc IA, business assoc IB, business assoc IIA, case aide, child enrichment aide, clerk, clinical assist I, clinical assist II, clinical care assistant, clinical transplant associate, cna/program spec preceptor, cna/program specialist, community relations asst, consumer service rep, cook, cook I, customer service rep, data specialist, data support specialist, data support specialist, lead, department technical assist, dermatology assistant, developmental svcs aide, dietetic aide, environmental care coordinator (surgical), equipment specialist, evs aide I, evs aide I, cch, evs aide, lead, evs aide, lead - cch, evs attendant, food service worker, senior, groundskeeper, health information specialist, health information specialist II, health record analyst, help desk specialist, sr, home care delivery tech, hospital services aide, housekeeping attendant, senior, human resources per diem, inpatient assistant, lead hvac&r technician, lead program specialist, maintenance coordinator, maintenance mechanic II, maintenance mechanic III, maintenance tech I, materiel management assoc, materiel services operator, mechanic, lead, medical assistant I, medical assistant II, nursing activities assistant, nursing assistant, painter, lead painter, parent liaison, patient care assistant, patient rep, pc customer service tech, program activity asst, purchasing agent, purchasing specialist, purchasing specialist, pathology, qmrp assistant, receiving assistant, recreation therapy asst, release of information specialist, residential care professional, retail pharmacy clerk, service support aide I, service support aide II, shuttle bus driver, sterile processing tech I, sterile processing tech II, support assoc, surgery scheduler, surgical services aide, transcriptionist, translator/resource specialist, transport aide, and warehouse coordinator; excluding all other employees, communications coord, radiology systems coordinator, recreation therapist, eeg tech, telemanagement coord p/d, telemanagement coordinator, community relations assoc p/d, autism education assoc I, project coordinator, substitute teacher p/d, business unit coord, teacher assistant, teacher, graphic designer, graphic designer p/d, facilities project coordinator, professional employees, technical employees, business office clerical employees, confidential employees, independent contractors, guards and supervisors as defined in the Act.

7. (a) On March 21, 2006, the Union was certified as the exclusive collective-bargaining representative of the Unit.

(b) At all times since at least March 21, 2006, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

8. (a) The Union and Respondent are parties to a collective-bargaining agreement, effective by its terms from April 19, 2007, through June 30, 2009.

(b) The collective-bargaining agreement set forth above in paragraph 8(a) contains a provision granting the Union's representatives access to Respondent's facilities for the purposes of meeting with Unit employees and for administration of the collective-bargaining agreement.

9. (a) On or about July 10, 2007, the Service Employees International Union, herein called the International, placed the Union under trusteeship.

(b) On or about July 10, 2007, the International appointed Lois Balfour to be the Trustee of the Union.

(c) On or about July 20, 2007, Lois Balfour appointed the following individuals to be Assistants to the Trustee of the Union:

> Michael Wilzoch
> Jonathan Mello
> Richard Barrera
> Arturo Castellanos

(d) By letter dated July 20, 2007, the Union, by Lois Balfour, informed Respondent of the facts set forth above in paragraphs 9(a) through 9(c).

(e) At all material times since at least July 20, 2007, the Assistants to the Trustee of the Union have been agents of the Union for the purposes of collective bargaining with Respondent and for administration of the contract described above in paragraph 8(a).

10. On or about August 2, 2007, the Union, in writing, requested that Respondent:

    (a) recognize and bargain collectively with the Union as the exclusive collective-bargaining representative of the Unit.

    (b) bargain with the Assistants to the Trustee of the Union regarding terms and conditions of employment of the Unit.

    (c) grant the Assistants to the Trustee of the Union access to Respondent's facilities pursuant to the terms of the collective-bargaining agreement described above in paragraph 8(b).

  11. Since on or about July 20, 2007, Respondent has:

    (a) failed and refused to recognize and bargain with the Union as the exclusive collective-bargaining representative of the Unit.

    (b) failed and refused to bargain with the Assistants to the Trustee of the Union regarding terms and conditions of employment of the Unit.

  12. (a) Since on or about July 20, 2007, Respondent has failed and refused to grant the Assistants to the Trustee of the Union access to Respondent's facilities pursuant to the terms of the collective-bargaining agreement described above in paragraph 8(b).

    (b) By the conduct set forth above in paragraph 12(a), Respondent has changed the access policy in the collective-bargaining agreement described above in paragraph 8(a).

    (c) The subject set forth above in paragraphs (12)(a) and (b) relates to wages, hours, and other terms and conditions of employment of the Unit and is a mandatory subject for the purposes of collective bargaining.

    (d) Respondent engaged in the conduct described above in

paragraph 12(a) without prior notice to the Union and without affording the Union an opportunity to bargain with Respondent with respect to this conduct.

   (e) As an alternative to paragraph 12(b), Respondent, by the conduct set forth above in paragraph 12(a), has failed to continue in effect all the terms and conditions of the collective-bargaining agreement described in paragraph 8(a) by not granting the Assistants to the Trustee of the Union access to Respondent's facilities consistent with the collective-bargaining agreement provision described in paragraph 8(b).

   (f) Respondent engaged in the conduct described above in paragraphs 12(a) and (e) without the Union's consent.

   (g) The terms and conditions of employment described above in paragraphs 12(a) and (e), are mandatory subjects for the purposes of collective bargaining.

   13. On or about August 28, 2007, Respondent, by Nate Reed, at Respondent's acute-care hospital cafeteria, removed Union fliers from the possession of Unit employees and/or members of the public.

   14. By the conduct described above in paragraphs 11 and 12, Respondent has been failing and refusing to bargain collectively with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) of the Act.

   15. By the conduct described above in paragraph 13, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act

   16. The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

PLEASE TAKE NOTICE that during the calendar call commencing at 1:00 p.m., PDT, on the 9th day of June, 2008, a hearing will be conducted at a location to be determined later in San Diego, California, before an Administrative Law Judge of the Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this consolidated complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338. The precise order of all cases scheduled to be heard on this calendar call will be determined no later than the close of business on the Friday preceding the calendar call.

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the consolidated complaint. The answer must be received by this office on or before April 11, 2008, or postmarked on or before April 10, 2008. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically by using the E-Filing system on the Agency's website. In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on **E-Gov**, then click on the **E-Filing** link on the pull-down menu. Click on the "File Documents" button under "Regional, Subregional and Resident Offices" and then follow the directions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. A failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. When an answer is filed electronically, an original and four paper copies must be sent to this office so that it is

received no later than three business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the consolidated complaint are true.

DATED at Los Angeles, California, this 28th day of March, 2008.

*/s/ James F. Small*
James F. Small, Regional Director
National Labor Relations Board, Region 21
888 South Figueroa Street, Ninth Floor
Los Angeles, CA 90017-5449

Attachments