1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SEIU, LOCAL 2028,

                                    Plaintiff,

        vs.

RADY CHILDREN'S HOSPITAL, SAN
DIEGO, and DOES 1 through 10,

                                    Defendant.

CASE NO. 08cv486 BTM(AJB)

**ORDER GRANTING MOTION TO
COMPEL ARBITRATION**

        Plaintiff SEIU, Local 2028 ("Local 2028") has filed a motion to compel arbitration.  For
the reasons discussed below, Local 2028's motion is **GRANTED**.

## I.  BACKGROUND

A. District Court Litigation

        On June 28, 2007, Rady Children's Hospital ("Rady") commenced Case No. 07cv1193
BTM(AJB).  In that case, Rady alleged that Local 2028 had ceased to exist as a result of a
statewide SEIU restructuring plan and that the collective bargaining agreement ("CBA")
between Local 2028 and Rady was therefore void.  Rady also alleged that Local 2028 had
effectively disclaimed its interest in the CBA and had unilaterally attempted to transfer its
contract rights to SEIU, United Healthcare Workers - West ("UHW"), without complying with
Section 1.05 of the CBA.  Rady argued that due to the ineffective attempted assignment of

rights, Rady had no contractual obligations toward UHW.

In the original complaint, Rady asserted a declaratory relief claim and a breach of contract claim. In an order filed on November 26, 2007, the Court granted motions to dismiss brought by Local 2028 and UHW. The Court held that this case, when "stripped to essentials," was representational and fell within the primary jurisdiction of the NLRB. See United Ass'n of Journeymen v. Valley Engineers, 975 F.2d 611, 614 (9th Cir. 1992). The Court explained, "Whether Local 2028 still exists after the merger with Local 221 and whether UHW has taken on the role of bargaining representative are questions that fall within the NLRB's exclusive jurisdiction."

Although the Court dismissed Rady's Complaint, the Court granted Rady leave to file an amended complaint. On December 20, 2007, Rady filed its First Amended Complaint ("FAC"). For the most part, the FAC alleged the same facts as the original complaint and reasserted the causes of action for declaratory relief and breach of contract. The FAC also asserted additional causes of action for fraud in the inducement and violation of 29 U.S.C. § 462.

Based on the filing of the First Amended Complaint, Local 2028 and UHW filed motions for Rule 11 sanctions or, in the alternative, attorney's fees under 28 U.S.C. § 1927. Subsequently, Rady made a motion to voluntarily withdraw the First Amended Complaint. Although the Court allowed Rady to voluntarily dismiss the First Amended Complaint, the Court granted the motions for sanctions on the ground that the breach of contract and declaratory relief claims were exactly the same as the claims that were previously dismissed by the Court. The Court also found that the additional claims "hinge[d] upon the determination of whether Local 2028 was and is a viable entity and the bargaining representative of the employees at Plaintiff's hospital." Accordingly, these claims also fell within the primary jurisdiction of the NLRB.

On March 14, 2008, Local 2028 commenced this action by filing a Petition to Compel Arbitration. Local 2028 seeks to compel arbitration of Local 2028's grievance, which was filed on or about November 16, 2007. The grievance alleges that Rady violated various

provisions of the CBA by refusing to honor the recognition clause, denying access to Union representatives, denying employees the right to be represented by Union representatives, and threatening Union Stewards and employees who were engaged in exercising their contractual Union rights.

B.  NLRB Proceedings

In 2007 and 2008, Local 2028 filed unfair labor practice charges ("ULPs") against Rady with the NLRB.  In the ULPs, Local 2028 alleges that Rady has violated the NLRA by refusing to recognize and bargain with Local 2028 and by denying access to Local 2028's authorized representatives.   (Exs. 1-4 to Overstreet Decl.)

On March 28, 2008, the NLRB issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing ("NLRB Complaint"). (Ex. 6 to Overstreet Decl.)  The NLRB Complaint alleges, among other things, that Rady refused to recognize and bargain with Local 2028 and refused to grant the Assistants to the Trustee of the Union access to Rady's facilities.

On April 11, 2008, Rady answered the NLRB Complaint.  (Ex. 7 to Overstreet Decl.)  Local 2028 requested that Rady withdraw the Answer and agree to arbitrate the underlying dispute. (Harland Decl. ¶ 3.)   Rady refused on the ground that the "questions of representation [before the NLRB] are essential to your demand for arbitration."  (Ex. C to Harland Decl.)

On June 17, 2008, Rady entered into a settlement agreement with the NLRB. (Overstreet Decl. ¶ 8.)  Under the terms of the settlement agreement, Rady agreed that it would recognize and deal with Local 2028 and grant access to the representatives appointed by the trustee of Local 2028.  (Id. at ¶ 9.)

Local 2028 refused to enter into the settlement agreement because it believed that the remedy of a "Notice to Employees" being posted at the employer's facilities was insufficient redress for the alleged violations by the employer.  Local 2028 appealed the settlement to the NLRB's Office of Appeals.  (Id. at ¶¶ 12-13.)

08cv486 BTM(AJB)

After the instant motion was submitted on the papers, the Court was notified that the NLRB had denied Local 2028's appeal and that the Regional Director had approved the Settlement Agreement.  (Exs. 1 & 2 to Stone Decl. dated 10/23/08.)  Rady states that it will now comply with the terms of the settlement and post the required notices.  (Stone Decl. dated 10/23/08, ¶ 5.)

## II. DISCUSSION

A. Motion to Compel Arbitration

Local 2028 seeks to compel arbitration of its grievance against Rady.  Rady opposes Local 2028's motion on the grounds that (1) resolution of the motion hinges upon the determination of whether Local 2028 is a viable entity and the bargaining representative of the employees at Rady; (2) the motion to compel is moot because of the NLRB Settlement; and (3) the motion is barred by the doctrines of judicial estoppel, law of the case, and collateral estoppel.  As discussed below, Rady's arguments lack merit.

Before the NLRB denied Local 2028's appeal of the settlement, Rady had a strong argument that a stay of these proceedings was appropriate because the resolution of the motion to compel would require the Court to rule upon representational issues that were pending before the NLRB.  See McClatchy Newspapers v. Central Valley Typographical Union, 762 F.2d 741, 746 (9th Cir. 1985) (explaining that when a contractual issue before the court is closely related to an unfair labor practice charge already before the NLRB, the district court must exercise its discretion to determine whether the proceedings should be stayed until final disposition of the NLRB proceeding).  Specifically, the threshold issue of whether Local 2028 could enforce the CBA was intertwined with the issues of whether Local 2028 was still a viable entity and whether the CBA was null and void.  However, now that the settlement has been approved and Rady has agreed to recognize and deal with Local 2028, the Court no longer has to reach matters that are within the NLRB's primary jurisdiction.

The motion to compel has not been rendered moot by the NLRB settlement.  The NLRB proceedings concerned unfair labor practice charges whereas the grievance concerns

alleged violations of the CBA.  Furthermore, the settlement agreement states that it does not "preclude persons from filing charges . . . and the courts from finding violations with respect to matters which precede the date of the approval of the Agreement . . . ."  (Ex. 8 to Overstreet Decl.)   If Rady breached the CBA, Local 2028 may be entitled to remedies beyond those provided in the settlement agreement.

The Court also rejects Rady's argument that Local 2028's motion should be denied pursuant to the doctrines of judicial estoppel, law of the case, and collateral estoppel.  This case is a separate case from Case No. 07cv1193 BTM(AJB), and involves different claims. The Court did not make any rulings in Case No. 07cv1193 BTM(AJB) that preclude Rady from seeking to compel arbitration.  In Case No. 07cv1193, the Court dismissed Rady's claims because the claims raised representational issues that fell within the primary jurisdiction of the NLRB.  In this case, the issue before the Court – i.e., whether to compel arbitration – does not require the Court to reach representational issues.  If Rady contends that despite the NLRB settlement agreement, the merits of Local 2028's grievance require the resolution of representational issues, Rady can advance that argument before the arbitrator.  Similarly, what effect, if any, the NLRB settlement agreement has on Local 2028's grievance should be determined by the arbitrator.

Local 2028's grievance falls within the scope of the CBA's broad grievance and arbitration clause, which provides: "[a]ny complaint or dispute arising between a Bargaining Unit employee and/or the Union and the Employer concerning the conduct of the Employer alleged to be in violation of an express provision of this Agreement shall be resolved by the filing of a grievance in accordance with this Article."  Therefore, the Court grants Local 2028's motion to compel arbitration.  See United Steelworks of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960) (explaining that a motion to compel arbitration of a grievance should not be denied "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.")

///

///

B. <u>Attorney's Fees</u>

Local 2028 seeks an award of attorney's fees on the ground that Rady frivolously and/or in bad faith refused to submit to arbitration. <u>See</u> <u>UFCW v. Alpha Beta Co.</u>, 736 F.2d 1371, 1381 (9th Cir. 1984). The Court denies Local 2028's request for attorney's fees. Prior to the approval of the settlement agreement, there were unresolved questions regarding whether Local 2028 was a viable entity and whether the CBA was null and void. These unresolved questions bore upon whether Local 2028 could enforce the CBA. The settlement agreement was not approved until after the motion to compel was submitted. Therefore, the Court finds that Rady's refusal to arbitrate was not in bad faith or based on frivolous arguments.

## III.  **CONCLUSION**

For the reasons discussed above, Local 2028's Motion to Compel Arbitration is **GRANTED**. Rady is **ORDERED** to submit to arbitration of Local 2028's grievance. Local 2028's request for attorney's fees is **DENIED**. The Clerk shall enter judgment accordingly. **IT IS SO ORDERED.**

DATED:  December 12, 2008

Honorable Barry Ted Moskowitz
United States District Judge